UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 JUN 28 P 4: 34
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA

V.   CRIMINAL NO. 04-10048-NG

RICARDO ROSARIO

Defendant

## DEFENDANT'S MOTION IN OPPOSITION TO GOVERNMENT'S MOTION TO CONTINUE THE PLEA HEARING

The defendant, Ricardo Rosario, through counsel, respectfully requests that this Court deny the government's motion to continue the plea hearing under Rule 11 of the Rules of Criminal Procedure scheduled for Tuesday, June 30, 2004.

### Background

On February 19, 2004 a federal grand jury returned a sixteen-count indictment that charged four defendants with conspiracy to distribute cocaine, 21 USC § 846; distribution of cocaine, 21 USC § 841(a)(1); carrying and using a firearm during and in relation to a drug trafficking crime, 18 USC § 924(c) and aiding and abetting, 18 USC § 2. Ricardo Rosario, hereafter Rosario, was charged in count one with the conspiracy and in counts two, three and fourteen with distribution of cocaine. No drug weights or quantities were specified for the conspiracy or the substantive counts. The government moved for detention. After a hearing the court, Cohen, M.J., ordered Rosario to be detained. After reviewing the discovery materials, Rosario indicated that he would plead guilty to the charges contained in the indictment. Since there was no plea agreement, Rosario was to have a "straight plea". The plea hearing was scheduled for the earliest

possible date that this Court had such an opening, June 29th, almost a month after the hearing was requested.

**Opposition to a Continuance**

Ostensibly the government's request for a continuance rests largely on the United States Supreme Court decision in Blakely v. Washington No.02-1632 decided June 24, 2004. In Blakely, the court held that a sentence based on facts neither admitted by a defendant or found by the court or a jury beyond a reasonable doubt violates a defendant's Sixth Amendment right to a trial by jury.

The Blakely holding was foreshadowed in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) and in Ring v. Arizona, 536 U.S. 584, 592 (2002). In Apprendi the Court held that other than a prior conviction any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Then the Court extended Apprendi to an Arizona law that authorized the death penalty if the judge found one of ten aggravating factors when the defendant was convicted of murder. In both these cases the defendant's constitutional rights had been violated because the court imposed a sentence greater than the maximum that could have been imposed under the state law without the challenged factual finding. The Blakely Court held that facts that increased the defendant's sentence beyond the sentencing guideline range were subject to the same standard of proof beyond a reasonable doubt determined by a jury or stipulated to or admitted by the defendant.

The only purpose served by a granting of a continuance is for the government to seek a superseding indictment and attempt to further negotiate a plea. The government is

fully cognizant that these fact sentencing enhancements have to be proved at the sentencing hearing. <u>Blakely</u> only changes the standard.

Wherefore the defendant respectfully requests that the continuance of the plea hearing be denied.

                                                                       RICARDO ROSARIO

                                                                       By his attorney

                                                                       */s/ Lois Lewis*

                                                                       Lois Lewis
                                                                       74 Fuller Terrace
                                                                       West Newton, MA 02465
                                                                       Tel: (617) 969-4854
                                                                       BBO # 298580

Certificate of Service

I have served a copy of the foregoing motion on the government by hand delivery June 28, 2004 to Attorney John Wortman, Office of the the United States Attorey John Joseph Moakley Federal Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02210

*/s/ Lois Lewis*