UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.                                           CRIMINAL NO. 04-10048-NG

RICARDO ROSARIO
(Carmelo Rodriguez)

Defendant

## DEFENDANT'S RESPONSE TO THE COURT'S ELECTRONIC PROCEDURAL ORDER AUGUST 19, 2004

The defendant, Ricardo Rosario, through counsel, respectfully submits this memorandum in response to the Court's Electronic Procedural Order dated August 19, 2004.

**Background**

A sixteen count indictment that was returned by a federal grand jury that charged four defendants with conspiracy to distribute cocaine, 21 U.S.C. § 846, from on or about October 2003 until the date of the return of the indictment, February 19, 2004, distribution of cocaine, 21 U.S.C. § 841(a)(1), carrying and using a firearm, 18 U.S.C. § 924(c), and aiding and abetting, 18 U.S.C. § 2. Rosario was charged in the conspiracy count and in counts two, three and fourteen with distribution of cocaine and aiding and abetting. A criminal forfeiture allegation was also included, 21 U.S.C. § 853. No drug quantities were alleged. Rosario entered a plea of not guilty. The government moved for detention. After a detention hearing, Rosario was ordered detained.

In response to the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 June 24, 2004, the government attorney sought a *Blakely-ized* superseding

2

indictment that was returned minutes before Rosario was to enter a guilty plea to the
pending charges. The superseding indictment charged Rosario and the two remaining co-
defendants, one other had entered a plea of guilty, in count one with conspiracy of five
hundred grams or more of cocaine. The other counts charged against Rosario remained
the same. [1]

Rosario entered a plea of not guilty to the superseding indictment. He has been
detained.

### The Supreme Court decision in **Blakely v. Washington**

The Blakely Court reaffirmed Apprendi v. New Jersey, 530 U.S. 466 (2000) that
required any fact, other than a prior conviction, that increases the penalty for the offense
beyond the prescribed statutory maximum sentence must be submitted to a jury and
proven beyond a reasonable doubt. Apprendi 530 U.S. at 490. Blakely then clarified the
statutory maximum for Apprendi purposes as the "maximum sentence that a judge may
impose solely on a basis of facts reflected by a jury verdict or admitted by a defendant."
The maximum sentence is the sentence that can be imposed without finding any
additional facts. The Sixth Amendment provides a defendant with the right to have a
jury, not a judge, make all the fact-findings that are required to authorize a longer
sentence. It is not just that a defendant has a right to a jury trial. No defendant should be
punished for an unproven offense or sent to prison for an additional amount of time on
the basis of any fact that should have been decided by a jury. To put it bluntly when the
Sixth Amendment kicks in judicial discretion should be out the window. The Blakely
decision's reasoning and application for the rule in Apprendi sweeps broadly and, as this

---

[1] The discovery material provided by the government in regard to these counts, not the conspiracy count,
indicate that Rosario would be responsible for approximately thirty-two grams of cocaine at the most.

Court, <u>United States v. Mueffleman</u>, 327 F.Supp.2d. 79 (D.MA 2004), and others in various districts have found, seems to render constitutionally infirm any sentencing guideline enhancement that requires the finding of a fact not placed before the jury as an element of the offense of conviction.  When a judge has the discretion to enhance a sentence only on finding some additional fact, then according to <u>Blakely,</u> 124 S.Ct. at 2537 that fact is a "<u>Apprendi fact</u>" that must be proved to a jury beyond a reasonable doubt.  <u>Apprendi/Blakely</u> pass the sentencing discretion from the judge to the jury.  Most of the guideline enhancements that increase the base offense level in the present federal sentencing structure must be held unconstitutional. [2]

### The Aftermath of Blakely

The whole area of the sentencing process in the federal courts has been thrown into confusion.  Several options to comply with the <u>Blakely</u> have been suggested, such as the guidelines are completely unconstitutional and the sentencing process will revert to pre guidelines indeterminate sentencing in 1984.  The court would make a full examination of the individual defendant's personal character, family responsibilities, his medical and mental condition, criminal record and particular circumstances surrounding the offense and then impose the sentence.  The court should consider that with the Sentencing Reform Act the Bureau of Prisons no longer has discretion to adjust good time credits and the Parole Commission is to all intents non-existent.  Because there are a substantial  portion of the federal non-Blakely cases, it may be possible to sever or exclude the offending guideline provisions.  Thus a court, still adhering to the guidelines, may decline to apply any enhancements, an alternative, however, that flies in the face of

---

[2] <u>Blakely</u> has no effect on mitigating factors since the Sixth Amendment requires only a jury determination of factors that increase a sentence.  The Sixth Amendment protects the individual, not the government.

the directive in 18 U.S.C. § 3553 to impose a sentence of a kind and within the range

specified by the Sentencing Commission. Although the Blakely decision did not

explicitly rule on this severability, it indicated that the Supreme Court may hold in the

future that the unconstitutional procedures are severable from the guidelines. Another

option for the court is to convene a sentencing jury to make the necessary guideline

findings. This latter method would cause a trial to be severed with first a guilt phase and

then, a sentencing phase. Such a procedure has never been authorized and would raise

numerous problems, for instance: how would the facts be alleged in the indictment and

brought before the sentencing jury, what evidentiary rules would apply at the hearing,

what would the rules for discovery be and if a defendant were to plead to the charges and

seek a sentencing jury would he lose the acceptance of responsibility consideration under

the statute or the guidelines. The Blakely court did not address the issue of bifurcation of

trial and sentencing proceedings. Other circuits, like the Fourth Circuit, simply have

cautioned judges to impose alternative sentences, one under the controlling statute and

one under the guidelines.

### Blakely and the Requirements of Due Process at Sentencing

Blakely, Apprendi and Ring v. Arizona, 536 U.S. 584 (2002) have emphasized

the necessity for due process in the sentencing procedures. The sentencing guidelines

have allowed the judges to become second string fact finders despite the suggestion that

the sentencing guidelines merely channel the judges' discretion. To the perplexed

defendant, whose sentence may balloon to almost double, sentencing facts become

elements of the offense that were not alleged in the indictment, brought before the jury at

trial or part of the plea hearing. These sentencing "relevant" facts may even be extracted

from a report complied by a probation officer who the judge thinks more likely got the facts correct than got them wrong. After finding these sentencing facts, that may well exceed the trial proof, the judge exercises his discretion under the guidelines to impose a sentence. The guidelines fill in the sentence not the statute. The guidelines provide an intermediate level of sentencing, and the top of the guideline range carries with it the protections of Apprendi under Blakely. If the court determines the case is not within the heartland the potential sentence may be increased to the statutory maximum.

Discretion lies at the heart of the sentencing, it is the bedrock principle of sentencing. It is within the judge's discretion to determine if a fact is an element of the offense or a sentencing fact. The baseline of Apprendi is to decide whether a fact is a significant fact that has a substantial impact on the sentence, and therefore, should be considered an "element" of the offense or is the fact more likely a sentencing fact. In Blakely Justice O'Connor said any fact that increases the upper bound on a judge's sentencing discretion is an element of the offense. Taking this position any distinctions for: offense elements, enhancement facts and relevant conduct pales as these terms blend into one another.

**Blakely and the Instant Matter**

With the granting of the petitions for certiorari in United States v. Fanfan, 03-47 DBH Maine June 28, 2004 and United States v. Booker, 375 F.3d. 508 (7th. Cir. 2004) hopefully guidance with be forthcoming from above. Without this clarification one can only wander through the morass of judicial opinions and speculation of legal authorities and those in academia. What the Supreme Court decides will ultimately impact this instant matter and determine its future course.

Initially it could be argued that Rosario should be sentenced under the guidelines, since the guidelines were in place when the charged offenses were committed, otherwise there could be a violation of the ex post facto clause.

Hypothetically, if the guidelines are not applicable to the instant matter, the conspiracy count is defined by the statute, 21 U.S.C. § 846 as "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which is the object of the attempt or conspiracy." The offense in the relevant subchapter, 21 U.S.C.§ 841(a)(1), states: "…it shall be unlawful for any person knowingly or intentionally --(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance…" The remainder of § 841(b) sets forth the penalties for this offense based on the type(s) and quantities of the controlled substance. The penalties are essentially "the tail that wags the dog" and significantly impact the sentence to be imposed. These penalties are not elements of the offense in the strict interpretation of the word element. These "penalty elements" do not define the offense, but specify the range for the appropriate sentence.

If the guidelines are to be applied to this instant matter, since no drug weights were alleged in the first indictment, only the discovery material can shed light on the amounts in the three substantive counts. Rosario was charged with cocaine and the discovery material, if proven, would indicate no more than 32 grams of cocaine were involved in the three substantive sales. The guidelines would put this quantity at a base offense level of 14 or less. § 2D1.1 (13). With the superseding indictment allegation of 500 grams in the conspiracy count, if proven by a fair preponderance of the evidence to

the sentencing court, as part of this defendant's relevant conduct the base offense level

would change to a level 26.  § 2D1.1 (7).  The range, without any other considerations,

jumps from 15 to 21 months to 63 to 78 months, and would bring into play a mandatory

minimum of five years.  (These minimum mandatory sentences are fundamentally

inconsistent with Congress' effort to create a fair, honest and rational sentencing system

through the sentencing guidelines.).  The guidelines instruct judges to base a drug

conspiracy offender's sentence on the offender's relevant conduct.  [3]  § 1B1.3 is quite

specific requiring the court to consider all acts and omissions committed, aided, abetted,

counseled, commanded, induced, procured, or willfully caused by the defendant during

the jointly undertaken criminal activity and those acts or omissions of others that were

reasonably foreseeable to the defendant during the course of the conspiracy that were in

furtherance of the objectives of the conspiracy.  Is it any wonder that relevant conduct

provision, § 1B1.3, is referred to as the cornerstone of the guidelines?

### Notice to the Defendant of the Elements of the Offense and the Significant Sentencing Factors

Federal Rules of Criminal Procedure Rule 7(c) requires that essential facts

constituting the offense be simply and concisely stated in the charging document.  The

essential facts are those elements that constitute the offense.  The controlling statute

defines the necessary elements.  The defendant is entitled to notice of any enhancing

factors in the guidelines, such as an aggravated term of imprisonment.  This notice is a

component of the Due Process Clause.  However putting these enhancing factors in the

pleadings may be impractical or impossible and open a can of worms that would be best

left unopened.  Such a pleading may be prejudicial to both the defense and the

---

[3] Courts have accepted the sentencing guidelines as mandatory, not just as advisory guidelines.

prosecution. For the grand jurors and the trial jurors would these jurors be easily confused between the elements of the offense and the enhancing factors, would the trial jurors be able to understand the somewhat vague guideline language and decide the complicated issues of fact that are required by the guidelines, would special verdict forms be necessary and what would be the effect on the jurors if the defendant had to introduce evidence to lessen the reliability or credibility of the aggravating factors presented by the prosecution when the jury has been instructed that the defendant has a presumption of innocence and need not introduce any evidence. For the court, how should instructions be couched for the jury about these enhancing factors and how would the defense be able to react to the introduction of these sentencing factors. The prosecution must confront the possibility that some of the enhancement factors may not come to light in the pre trial stages or may only become apparent in the probation report at the sentencing hearing and prohibit their admission in the indictment.

Unfortunately the majority in the Blakely opinion did not address this issue of whether to include the enhancing factors in the indictment and present them to the grand jury, but the minority appears to agree that sentencing factors may need to be included in the charging document.

What then constitutes reasonable notice to the defendant may depend on the nature of the pre trial enhancing factor(s). A suggested option might be a pre trial preliminary hearing, at which both the defense and prosecution are present. If there were enhancing factors revealed during the trial or subsequently, the defendant would be automatically on notice. Unfortunately at the trial stage, it may be too late for the defense to react effectively.

Another possible course would be to have two separate indictments, one for the guilt phase, and the other, for the sentencing phase of the trial.

### Guideline Enhancing Factors as Indictment Surplusage

If the Blakely court states that sentencing factors are now to be considered the same as elements of the offense to be proved beyond a reasonable doubt are these sentencing factors to be set forth in the indictment. The courts have reached different opinions and are split on this issue. The decision in Harris v. New York, 536 U.S. 545, 575 (2002) holds those facts setting outer limits of a sentence, and judicial power to impose it, are elements of the offense for purposes of a constitutional analysis. As the Harris court reasoned, since each fact on which a maximum sentence is contingent defines an element of the offense punished by that sentence, each fact triggering an increase in the maximum sentence adds an element to the core offense and, thus, ultimately defines a greater offense within which the core offense is included. This court accepted the position that if the legislature defined an offense and then provided for increasing punishment of the crime, on finding of some aggravated fact, the core crime and the aggravated fact(s) together constitute an aggravated offense. Harris at 579. These "elements " need to be part of the charging document. In accord, Sattazahn v. Pennsylvania, 537 U.S. 101 111 (2003). With this same reasoning the court in United States v. Baert, 2-03cr 116 09082004 September 8, 2004 declined defendant's motion to strike these alleged enhancing factors as surplusage. The court expressed its concern for guidance from the Supreme Court on how these aggravating factors should be administrated post Blakely. But until the Supreme holds otherwise these factors would be properly included in the indictment.

However the court in <u>United States v. Mutchler</u>, 2004 WL 2004088 September 9, 2004 held these enhancing factors would be prejudicial and should be stricken as surplusage. Federal Rules of Criminal Procedure 7(d). The aggravating factors are meant only to act as procedural rules for the court. Presenting these guideline-enhancing factors in an indictment converts these factors to *de facto elements* of the offense, but only the legislature can properly create and define offenses. These aggravating factors were not defined as criminal conduct by Congress, and therefore, should not be included in the charging document. An earlier decision in <u>United States v. Brown</u>, 2004 U.S Dist. Lexis 17835 (N.D .Ill. August 13, 2004) granted the defendant's motion to dismiss the indictment or alternatively to strike the surplusage from the indictment. In making this decision to charge the enhancing factors there are at least two quite apparent issues to be addressed, first if the charging document sets forth the lesser offense, or the core offense only, and the defendant is convicted of the greater offense due to the aggravating factors, is there a fatal variance from the indictment? Of course, the impact of the variance would depend on its prejudice to the defendant and how significant or material the charged offense(s) varies from the trial proof. There is the constant question of prejudice. Secondly, if the enhancing factors are to be placed in the charging document, what about the predicates for the criminal history category, and ultimately for the application of career criminal or armed career criminal? How will the prosecution charge and prove the defendant's prior convictions (or predicates).

In the instant matter if the enhancing factors are included in the charging document through sentencing allegations, such as his boastful statements that he sold four

or five ounces of cocaine every week to bolster the conspiracy allegation of 500 grams of cocaine or more or his record of prior convictions, the defense will be prejudiced.

### The Sentencing Hearing

Evidence extraneous to a determination of guilt for the crime ought to be presented at a separate hearing. The majority and minority in Blakely indicate that a trial may be bifurcated to accomplish this. Overlooking the possibility of a variance between the charging document and the trial proof, this process appears to minimize the prejudice for the defense and the prosecution.

In order to avoid any difficulty with a double jeopardy argument the sentencing hearing must be considered as part of the same prosecution. If a defendant is convicted by a jury or pleads guilty to an offense, and then, in a further proceeding on the elements of a greater guideline offense with the sentencing enhancements, by a sentencing jury, this could constitute, in essence, a second adjudication of guilt for the same offense. Illinois v. Vitale 447 U.S. 410, 421 (1980); Brown v. Ohio, 432 U.S. 161, 168-169 (1977).

The sentencing hearing could be before the same trial jury or a separately empanelled jury. Again there must be a determination of how discovery will unfold, what rules of evidence will be in effect, what evidence will be admitted, how the jury will be instructed and if the sentencing jury will be informed of any pre sentence report prepared by probation?

If the defendant pleads guilty to the core offense and the enhancing factors are charged in the indictment, must he enter a plea to all of the aggravating factors as well as the core offense. Can the defendant plead just to the core offense without the assent of

12

the prosecution and still exercise his option to have a sentencing jury. If the defendant requests a sentencing jury, does he waive any benefit for acceptance of responsibility. Blakely offers no guidance. Sentencing, after a plea, has been the province of the court. The issue of acceptance has never come into play. Requesting a sentencing jury should not mean this consideration is lost or lessened, but until this issue is resolved it remains a viable question.

In those matters where Blakely does apply, the defendant can waive its protections. The form of the waiver depends on what the Supreme Court has held. Has the Court said a simple waiver of the right to a trial by jury will allow the court to conduct a sentencing in a traditional manner under pre Blakely rules and procedures? If not, has the Court said the sentencing factors are now to be considered as elements of the offense, and as such, must be proved beyond a reasonable doubt with evidence introduced before the jury or judge. If the sentencing factor is now an element of the offense, included in the charging document, can these sentencing factors be separated or are they encompassed by the plea of guilty. If so, after the entry of the plea, the sentence to be imposed under the guidelines can be simply mathematically determined. If the Court has said that sentencing factors are now to be considered the same as elements of the crime, the Blakely waiver must be carefully thought out and worded to reflect the intentions of the party.

### Tentative Conclusions

1. Although there is a fair amount of evidence the guidelines are in the present state unconstitutional, severability of the offending provisions may be a possibility.

2.  Sentencing factors could be included in a separate indictment for the sentencing jury or judge, thereby giving appropriate notice to the defendant.

3.  A defendant should be able to plead guilty to the core offense without having to plead to the aggravating factors and still retain his right to a sentencing jury or judge and not lose the benefit of his acceptance of responsibility.

4.  The trial jury should determine guilt and not be presented with the sentencing facts, and render a general verdict of guilty or not guilty.

Dated: September 14, 2004

RICARDO ROSARIO

By his attorney:

Lois M. Lewis
74 Fuller Terrace
West Newton, MA 02465
Tel: (617) 969-4854
BBO # 298580

Certificate of Service

I, certify that a copy of the foregoing defendant's response to the court's electronic procedural order dated August 19, 2004 has been mailed, first class mail, postage prepaid, to Attorney John Wortman, Office of the United States Attorney, John Joseph Moakley Federal Courthouse, One Courthouse Way Suite 9200, Boston MA 02210 this 14th day of September, 2004.

Lois Lewis