UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

      V.                  CRIMINAL NO. 04-10048-NG

RICARDO ROSARIO
     Defendant

## MOTION TO STRIKE INDICTMENT SURPLUSAGE

The defendant, Ricardo Rosario, through counsel, respectfully requests that this Court strike from the superseding indictment the *"Notice of Additional Factors"* (page 9) for the following reasons:

1.  On June 29, 2004 the defendant was before this Court to enter a plea of guilty to the indictment that charged a conspiracy to distribute cocaine, 21 U.S.C. § 846, and three substantive counts for distribution of cocaine, 21 U.S.C. § 841(a)(1).

2.  In response to the decision in *Blakely v. Washington*, 124 S.Ct. 2531 (June 24, 2004), the government attorney, minutes before the defendant was to enter his plea, came into the courtroom with a unsigned an undated second superseding indictment.

3.  This superseding indictment charged that the conspiracy in the original indictment involved at least 500 grams of cocaine, and then, the indictment added a *Notice of Additional Factors* that stated the defendant, Ricardo Rosario, "is accountable for at least 500 grams, but not more than 2000 grams of cocaine.  Accordingly U.S.S.G. § 2D1.1(c)(7) apply to this defendant."

4. Fed.R.Crim.P. Rule 7(c) provides that an indictment "…shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." The added *Notice* does not comply with the requirements of this rule in that it does not charge an "offense". This *Notice* does not refer to or incorporate a federal statutory crime; it merely refers to a section of the Sentencing Guidelines. It is an attempt to subject this defendant to the Sentencing Guidelines' mandatory minimum sentence.

5. Even though the government has charged in the indictment that the conspiracy as a whole involved 500 grams of cocaine, that drug quantity cannot be automatically shifted to a particular defendant. *United States v. Valecia-Lucena*, 988 F.2d. 234-235 (1st. Cir. 1993).

6. The sentencing court must make particularized findings as to the scope of the jointly undertaken criminal activity and what acts or omissions the defendant at bar could have reasonably foreseen. *United States v. Studley,* 47 F.3d. 569, 574 (2d. Cir. 1995). The court must determine whether the defendant participated in the conspiracy, unless a plea of guilty is entered, and then was his conduct in furtherance of the jointly undertaken criminal activity and were the acts reasonably foreseeable to him. Without these particularized findings the court has held that it may constitute plain error. *United States v. Tucker,* 90 F.3d. 1135, 1143-1145 (6th Cir. 1996).

WHEREFORE, the defendant requests that the *Notice of Additional Factors* be stricken as surplusage.

Dated:  January 21, 2005

RICARDO ROSARIO

By his attorney

/s/ Lois Lewis
Lois Lewis
74 Fuller Terrace
West Newton, MA 02465
Tel: (617) 969-4854
BBO # 598580