```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

**UNITED STATES OF AMERICA** )
                             )
        v.            )    CRIMINAL No. 04-10048-NG
                             )
**JONATHAN DELEON**          )
**RICARDO ROSARIO**          )

<u>**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**</u>

The purpose of this supplemental sentencing memorandum is to bring to the Court's attention the case of <u>United States v. Lizardo</u>,--- F.3d ----, 2006 WL 1085504 (1st Cir.(Mass.)) decided last Thursday. <u>Lizardo</u> recognizes the continuing validity of <u>Harris</u> in the First Circuit.

In <u>Lizardo</u>, a jury convicted the defendant on drug offenses but made no quantity findings. At sentencing, the Court found *by a preponderance of the evidence* that Lizardo was responsible for 1.5 kilograms of cocaine and that he was subject to the 5-year mandatory minimum sentence set out in 21 U.S.C. §841 (b)(1)(B). Lizardo was therefore sentenced to 60 months in prison.

On appeal, Lizardo argued that he had a right to have this determination made by a jury. The First Circuit squarely rejected that argument, reaffirming the continuing validity of <u>Harris</u>:

> Lizardo's final sentencing argument requires a more detailed analysis. Because the jury convicted Lizardo but was not asked to find a specific drug quantity, we attribute a minimal drug quantity to the jury's verdict. See Perez-Ruiz, 353 F.3d at 17. For a minimal drug

quantity, the statutory sentencing range would be zero to twenty years. 21 U.S.C. § 841(b)(1)(C). In contrast, under the drug quantity of 1.5 kilograms found by the district court, the statutory sentencing range would be five to forty years. Id. § 841(b)(1)(B). The sentence imposed by the judge, five years, was within both of these ranges, but greater than the Guideline range of 46 to 57 months. The district court imposed the five year sentence because it found that the statutory mandatory minimum sentence was five years. Lizardo argues that the district court committed plain error in determining the statutory mandatory minimum sentence on the basis of a drug quantity found by the judge rather than by the jury.

    We addressed precisely this issue in United States v. Goodine, where we upheld the district court's application of a mandatory minimum sentence under § 841(b)(1) based on judicially found facts. 326 F.3d 26, 33 (1st Cir.2003). We decided Goodine after Apprendi but before Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Lizardo argues that the Supreme Court's intervening opinion in Booker overrules this aspect of our decision in Goodine.

    Lizardo's argument is based on the following language from Goodine: "Nothing in Apprendi or subsequent cases calls into question the validity of the Sentencing Guidelines...." Goodine, 326 F.3d at 33. According to Lizardo, because Booker made the Guidelines advisory, it thus follows that Goodine must be overruled. We disagree. Booker, like Apprendi, was concerned only with "sentence[s] exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict." Booker, 543 U.S. at 244 (emphasis added). Booker left intact the Supreme Court's precedent in Harris v. United States, 536 U.S. 545, 568, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), which allowed the use of judicially found facts to increase a mandatory minimum sentence, and thus also leaves Goodine intact.

Id. at 12 (footnotes omitted).  The court also recognized

that "other circuits are split as to whether judicially

found facts can be used to increase the statutory

mandatory minimum sentence under § 841(b)(1).  <u>See</u> <u>United States v. Gonzalez</u>, 420 F.3d 111, 130 (2005)."  <u>Id</u>. at n.12.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

By:<u>/S John A. Wortmann, Jr.</u>
    JOHN A. WORTMANN, JR.
    Assistant U.S. Attorney
    One Courthouse Way
    Boston. MA 02210
    (617) 748-3207