UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.                                    CRIMINAL NO. 04-10048-NG

RICARDO ROSARIO

    Defendant

## OPPOSTION TO GOVERNMENT'S EMERGENCY MOTION TO COMPEL TESTING RESULTS AND OTHER DOCUMENTS AND DATA UTILIZED IN EXPERT REPORT

The defendant, Ricardo Rosario, through counsel, opposes the government's motion to compel production of the testing results and any other documents and data utilized in the formation of this expert's report. The government has been completely aware that Dr. Spiers had been retained for consultation in this matter. The government has never requested a copy of Dr. Spiers' report until this past weekend. After this inquiry the government did receive a copy of Dr. Spiers' current curriculum vitae, his report and his handwritten notes from the interviews with the defendant. [1] .

<u>Dr. Spiers Objections to the Production of these Documents</u>

Dr. Spiers will, of course, obey the Court, but he would request that that any Order issued by the Court specify that this Court was properly informed of the prohibitions in his professional ethical standards against the dissemination of test data, and that the Court instruct Dr. Spiers to surrender these materials despite his ethical obligations. This Order will take precedence over the copyright agreements that he is

obliged to observe when these tests were purchased as their sale is restricted to licensed psychologists only.

Sections 9.04 (Release of Test Data) and 9.11 (Maintaining Test Security) of the American Psychological Association's Revised Ethic Code [Rev. 12/02] state that psychologists must make reasonable efforts to maintain the integrity and security of test materials and other assessment techniques consistent with law and contractual obligations. Psychologists are instructed not to release actual test data, so as to protect the data and the tests from substantial harm, misuse or misrepresentation such as may occur in any legal proceeding. The Health Insurance Portability and Accountability Act of 1996 (HIPAA) states access is not provided for "…information compiled in reasonable anticipation of, or for use in, a civil, criminal or administrative action or procedure". HIPAA specifies that the disclosure of protected health information is subject to Section 1172(e), "Protection of Trade Secrets". Providing copies of such test data to the prosecution or to any professional who is not qualified to interpret them and is not bound by the same ethical constraints could result in dissemination or misuse of these copyright materials, thereby undermining their utility and effectiveness.

Should this Court enter a court order as requested by the government's emergency motion to compel, the Order should specify that these materials be protected by:

1. restricted access only to licensed psychologists,

2. restricted copying of any test data,

---

[1] Dr. Spiers was retained by a codefendant in this case and was available and present at his sentencing hearings.

3. assurances of the return or destruction of the materials at the conclusion of the proceeding as well as a provision for confirmation of such return or destruction,

4. the sealing of and/or removing from the records to the extent any portion of such materials are disclosed in pleadings or testimony in order to safeguard the integrity of the assessments.  The test materials must not become part of the public records.

To ensure the test security and for this Court's proper understanding of the test material, since the Court is Dr. Spiers' client, Dr. Spiers will surrender, if so directed, the data to either an appointed expert Neuropsychologist, who is qualified to interpret the material, and who is obligated to observe the same professional standards as Dr. Spiers is or meet with the government attorney to show him the data and explain the meaning so that any opinions are properly informed for the Court.

Objections of the Defense

The Federal Rules of Evidence Rule 501 and the Supreme Court of the United States in Jaffee v. Richmond, 116 S.Ct. 1923 (1996) have recognized the necessity to protect the psychologist-client/patient privilege for confidentiality.

This test data requested by the government has not been made available to either defense counsel or to the defendant.


Dated: May 4, 2006

RICARDO ROSARIO

By:

/s/ Lois Lewis
Lois Lewis
74 Fuller Terrace
West Newton, MA 02465
Tel: (617) 969-4854
BBO# 298580

Certificate of Service

I hereby certify that this document filed
through the ECF system will be sent electronically
to the registered participants as identified on the Notice
of Electronic Filing (NEF) and paper copies will be
sent to those indicated as non registered participants on
May 4, 2006.

/s/ Lois Lewis
Lois Lewis